UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10312-AK |
| | ) | |
| LIU ZHOU, | ) | |
| a/k/a "David Zhou" or "DZ", | ) | |
| | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR (1) ORDER OF FORFEITURE (MONEY JUDGMENT) AND (2) PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Leah B. Foley, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of an Order of Forfeiture (Money Judgment) and a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure. Proposed Orders of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

1.      On October 7, 2024, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Liu Zhou a/k/a "David Zhou" or "DZ" (the "Defendant"), with Conspiracy to Commit Market Manipulation and Wire Fraud, in violation of 18 U.S.C. § 371 (Count One). *See* Docket No. 1.

2.      The Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

3.      The Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

4.      On October 30, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on October 2, 2024.   *See* Docket No. 5.

5.      In Section 6 of the plea agreement, the Defendant acknowledged that upon acceptance of Defendant's guilty plea, the Court will enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense, and agreed to forfeit to the United States, without limitation, the following:

a.      a forfeiture money judgment, in an amount to be determined at sentencing.

6.      In Section 3 of the plea agreement, the Parties agreed that the Defendant gained more than $95,000 but not more than $150,000.   Accordingly, the government seeks an Order of Forfeiture (Money Judgment) in the amount of $95,000.

7.      In Section 6 of the plea agreement, the Defendant further agreed that the United States is entitled to forfeit as "substitute assets" any other assets up to the value of the now missing

2

directly forfeitable assets. *Id.* at 4.

8. In the plea agreement, the Defendant also agreed to waive and release any claims to currency or personal property seized by the United States during the investigation and prosecution of this case and consent to the forfeiture of such assets. *Id.* at 5.

9. In the course of this investigation and prosecution, pursuant to a seizure warrant obtained on November 8, 2024, the United States seized the following property, which is now subject to forfeiture pursuant to the plea agreement:

a. All cryptocurrency seized from OKX associated with an account with the User ID14257755368075264, User Name 徐青莲,[1] including but not limited to
    i. 39472.07987 USDT;
    ii. 2401.0480 USDC; and
    iii. 3 Sol

(collectively, the "Cryptocurrency").[2]

**Money Judgment**

10. Based on the Defendant's admissions in the written plea agreement and his guilty plea on October 30, 2024, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant in the amount of $95,000, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). This amount represents proceeds that the Defendant derived from his offense.

---

[1] The email address provided for this account is associated with the Defendant's company, MyTrade.

[2] The current estimated value of the Cryptocurrency is approximately $42,093. After a final order of forfeiture is entered and the property is disposed, the government will credit the net proceeds after the disposal of the Cryptocurrency to the forfeiture money judgment.

3

11.    The entry of an Order of Forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1) of the Federal Rules of Criminal Procedure, and such orders of forfeiture are commonplace.  *See*, *e.g.*, *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (criminal forfeiture order may take several forms, including an *in personam* judgment against defendant for amount of money defendant obtained as proceeds of offense).

12.    Once the Order of Forfeiture is entered, the United States may move at any time, pursuant to Rule 32.2(e)(1)(B), to amend the Order to forfeit specific property of the Defendant, having a value up to the amount of the money judgment.  *See United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009) (once government obtains money judgment, it may move at any time to forfeit direct or substitute assets in partial satisfaction of that judgment).

13.    Upon entry of the Order of Forfeiture, the United States may also, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, "conduct any discovery the court considers proper in identifying, locating or disposing of the property" that has been forfeited to the United States.  Such discovery may include the taking of depositions of witnesses.  *See* 21 U.S.C. § 853(m) and 28 U.S.C. § 2461(c) (making Section 853 applicable to all criminal forfeiture cases); *see also United States v. Saccoccia*, 898 F. Supp. 53, 60 (D.R.I. 1995) (the United States can take depositions of defense counsel to determine source of their fees for the purpose of locating a pool of assets controlled by defendant that is subject to forfeiture).  In addition, the reference in Rule 32.2(b)(3) to "any discovery the court considers proper" necessarily permits the court to authorize discovery under the Federal Rules of Civil Procedure. Such discovery includes, but is not limited to, the authority to issue a request for documents to a party under Rule 34 and to a non-party under Rules 34(c) and 45.

4

14.     Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

**Preliminary Order of Forfeiture**

15.     Based on the Defendant's written plea agreement and his guilty plea on October 30, 2024, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is entitled to a Preliminary Order of Forfeiture against the Cryptocurrency.[3]

16.     Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture, and notice of the United States' intent to dispose of the Cryptocurrency on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the Cryptocurrency, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

17.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Cryptocurrency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's claim and the relief sought.

---

[3] Although the government is entitled to forfeiture of the Cryptocurrency as a directly forfeitable asset, it would also be entitled to forfeiture of the Cryptocurrency as a substitute asset in partial satisfaction of the forfeiture money judgment.

18.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Cryptocurrency, as substitute for published notice as to those persons to be notified.

WHEREFORE, the United States requests that this Court at sentencing:

(a)     enter the Order of Forfeiture (Money Judgment) in the form submitted herewith;

(b)     enter the Preliminary Order of Forfeiture in the form submitted herewith;

(c)     retain jurisdiction for the purpose of enforcing the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture;

(d)     include the forfeiture, as set forth and in the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(e)     incorporate the Order of Forfeiture (Money Judgment) and the Preliminary Order of Forfeiture and in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:     _/s/ Carol E. Head___
DAVID HOLCOMB
CAROL E. HEAD
Assistant United States Attorneys
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
carol.head@usdoj.gov

Dated: June 9, 2026

6