UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 24-CR-10312-AK |
| | ) | |
| LIU ZHOU, | ) | |
| a/k/a "David Zhou" or "DZ", | ) | |
| | ) | |
| Defendant. | ) | |

## **PRELIMINARY ORDER OF FORFEITURE**

**KELLEY, D.J.**

WHEREAS, on October 7, 2024, the United States Attorney for the District of Massachusetts filed a one-count Information charging defendant Liu Zhou a/k/a "David Zhou" or "DZ" (the "Defendant"), with Conspiracy to Commit Market Manipulation and Wire Fraud, in violation of 18 U.S.C. § 371 (Count One);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the

value of such assets described in Paragraph 2 above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

WHEREAS, on October 30, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count One of the Information, pursuant to a written plea agreement that he signed on October 2, 2024;

WHEREAS, in Section 3 of the plea agreement, the Parties agreed that the Defendant gained more than $95,000 but not more than $150,000, and the government has moved for an Order of Forfeiture (Money Judgment) in the amount of $95,000;

WHEREAS, in Section 6 of the plea agreement, the Defendant further agreed that the United States is entitled to forfeit as "substitute assets" any other assets up to the value of the now missing directly forfeitable assets;

WHEREAS, in the plea agreement, the Defendant also agreed to waive and release any claims to currency or personal property seized by the United States during the investigation and prosecution of this case and consent to the forfeiture of such assets;

WHEREAS, in the course of this investigation and prosecution, pursuant to a seizure warrant obtained on November 8, 2024, the United States seized the following property, which is now subject to forfeiture pursuant to the plea agreement:

a. All cryptocurrency seized from OKX associated with an account with the User ID14257755368075264, User Name 徐青莲,[1] including but not limited to
    i. 39472.07987 USDT;
    ii. 2401.0480 USDC; and
    iii. 3 Sol

---

[1] The email address provided for this account is associated with the Defendant's company, MyTrade.

2

(collectively, the "Cryptocurrency");[2]

WHEREAS, in light of the Defendant's guilty plea and admissions in the plea agreement, the United States has established the requisite nexus between the Cryptocurrency and the offense to which the Defendant pled guilty, and accordingly, the Cryptocurrency[3] is subject to forfeiture to the United States pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Cryptocurrency.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.      The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Cryptocurrency and the offense to which the Defendant pled guilty.

2.      The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.      Accordingly, all of Defendant's interests in the Cryptocurrency are hereby forfeited to the United States of America for disposition pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

4.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United

---

[2]  The current estimated value of the Cryptocurrency is approximately $42,093.   After a final order of forfeiture is entered and the property is disposed, the government will credit the net proceeds after the disposal of the Cryptocurrency to the forfeiture money judgment.

[3] Although the government is entitled to forfeiture of the Cryptocurrency as a directly forfeitable asset, it would also be entitled to forfeiture of the Cryptocurrency as a substitute asset in partial satisfaction of the forfeiture money judgment.

States is hereby authorized to seize the Cryptocurrency and maintain it in its secure custody and control.

5.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Cryptocurrency.

6.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Cryptocurrency to be forfeited.

7.      Pursuant to 21 U.S.C. § 853(n)(2) and (3), as incorporated by 28 U.S.C. § 2461(c), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Cryptocurrency, shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Cryptocurrency; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Cryptocurrency, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Cryptocurrency, any additional facts supporting the petitioner's claim, and the relief sought.

8.      Pursuant to 21 U.S.C. § 853(n)(7), as incorporated by 28 U.S.C. § 2461(c), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the

filing of such petitions, the United States of America shall have clear title to the Cryptocurrency.

9.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10.     Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

 

**ANGEL KELLEY**
United States District Judge

Dated: _____

5